Good morning, your honors. I'm Lucas Anderson, representing appellant Ricardo Ortiz Rosa. The stipulated sentence of imprisonment provided in the plea agreement pursuant to Rule 11 C1C of the Federal Rules of Criminal Procedure was based on the advisory sentencing guidelines, and the district courts considered acceptance of that agreement after reviewing the pre-sentence report, calculating the guidelines, and considering other relevant sentencing factors was also based on those guidelines. And so the defendants' eligibility for re-sentencing doesn't depend on which of the two competing Freeman opinions applies in this case. Well, you may be right about that. You may be wrong about it, too. But why should you get two or three chances to make that argument? You file your motion. It's before the district court. It gets denied. You appeal it. You withdraw the appeal for reasons we don't know. And shouldn't that end it? Why should you get two or three chances to get a sentence reduction based on the same amendment to the sentencing guidelines? Well, the government, in their response brief, has invoked the doctrine of res judicata. That doesn't apply to this case for several reasons that are provided in our brief. I'm happy to discuss those later. But there's other bases, too. There's law of the case, and then there's two circuits that say under 3582, the intent is to have one shot at this. And if you lose at that, that's it, unless there's another change, another amendment to the sentencing guidelines. Correct. Why shouldn't we follow those? Well, the law of the case doctrine doesn't apply here for several reasons. First of all, it hasn't been brought up in this case until right now, today. It's not in the government's brief. But if the district court's subsequent opinions can be interpreted as invoking that doctrine, it's – it was based on the completely false premise that this court had already made a determination through a summary of affirmance regarding the defendant's eligibility where we said – Even recognizing that this court did not do that, shouldn't the defendant have pursued his basically Freeman argument on the appeal from the denial of the first 3582 motion? Instead, he dismissed it. And I'm not sure we'd entertain arguments that he could have raised in a proceeding that he agreed to have dismissed with prejudice. Well, the law of the case in situations like this where there isn't a binding appellate decision regarding the defendant's eligibility for sentencing is a flexible doctrine, and it gives – We're not talking about the law of the case. We're talking about your client could have raised this then and didn't. The point is he gets one try at a 3582 motion. What am I missing here? Well, there's – I mean, there is an Eleventh Circuit precedent also that's cited in our reply brief that indicates that res judicata does not apply to 3582 motions, because it's the defendant attacking a judgment that's been issued in this case, not trying to bring up some claim or some issue. I'm not talking about res judicata. I mean, I would say that we know that the structure of the sentencing statutes give very limited ability to district courts to re-sentence somebody once that sentence has been imposed. And there's good reasons for it. There's a limited exception under 3582 for if there's a sentencing guidelines amendment that reduces like in all these cases, the amounts that qualify for the guideline gradations, right, which is what he was claiming here. But isn't the purpose behind that that there's only one opportunity to do that, to completely litigate it, perhaps, but not to do it – say you get a 10-month reduction the first time. Eight months later, you file another motion for another six – you get a six-month reduction. Then eight months later, you ask for another two-month reduction. Is that what that statute would contemplate? No. In normal circumstances, the defendant would only get one shot at doing that. I don't know the reasons the prior counsel withdrew that motion, but in normal circumstances, that would be the case. But in this case, there are compelling, cogent reasons why the law of the case – Because he never got his one appeal on the merits of the re-sentencing, right? Even though he brought about the lack of appeal himself, he never got the appeal on the merits. He didn't. And since then, there's been intervening case law from this court in the Leonard case, which we cited to in our brief, and also the case regarding his co-defendants in the fact that he was eligible for re-sentencing. So the law of the case is flexible where there's intervening case law, where there are clear and cogent reasons for why the defendant should be – Is he life's attorney below? No. So we don't know why he withdrew his single appeal? That's not in the record, Your Honor, no. And I also don't know. The government never raised this issue below. I'll ask them about that. No. And on the appeal, the only thing that they've raised is the principle of res judicata, which simply just doesn't apply in criminal cases against criminal defendants in this sense. And so I think if you look at the shape of the law of the case doctrine in situations like this, where there isn't a binding decision from this court, it is a flexible doctrine. There's clear, cogent reasons why the district court's prior – prior conviction information, 851, I think it is, was filed in the district court, which would have given him a 20-year mandatory minimum, is my recollection. Correct. But as part of the negotiations for the 15-year sentence, which he got less than, but – I mean, which the court agreed to, which was greater than the original guidelines calculation, but I think in the middle of the revised calculation that the district court conducted. In any event, there was this prior information that was withdrawn, withdrawn as part of the 11C1C agreement with the government. Do you know, in trying to figure out why he withdrew his appeal, whether there was a chance he could have been sentenced to a higher sentence if he had been resentenced? Usually you can't. Typically you can't. Do you know whether – you have no idea. I know you didn't represent him at the time, but that kind of jumps out at me a little bit, that the bargain here was that, it seemed to me, the government withdrew that prior conviction information, removed the 20-year mandatory minimum. I think that would have required the parties to discard the plea agreement, which they had already entered into, which the defendant had already been sentenced on. And I think that's different from this situation, where the plea agreement still stands, except for the fact that now the guidelines have been lowered. The sentencing commission has determined that people in his position should have a reduced sentencing range, and so he should be – So the government could not have relied on that prior conviction in a resentencing? I don't believe so, Your Honor, no. But again, that's – the reasons for that earlier withdrawal are not on the record, and I'm not aware of them either. If there are no further questions from the Court, I'll reserve the balance of my time. May it please the Court. Monica Richards, United States of America, Eppley. As has been adjudicated, there was a denial of the original 3582C motion. Counsel, in your brief, you don't discuss at all Mr. Ortiz-Rosa's eligibility for relief either under the Freeman concurrence or the plurality opinion. So do you concede his eligibility if we find that res judicata has limited application in the criminal context? You don't concede his eligibility? No, Your Honor. I can't do that on this record. Then you didn't brief it at all, though. No, because that's not the decision before this Court. What's before this Court right now is the second motion, the second and third with the motion for reconsideration. It's the denial of those motions that's before this Court. To that extent, isn't – aren't – isn't that decision infected by a misapprehension by the district court? A misapprehension, I think, is accurate in terms of the factual statement, but it doesn't change the result. The result here, according to that decision, I sort of – I could edit it myself, but the – but the mistake was obviously in referring to the direct appeal. And the order was correct insofar as the first – I'm sorry, I'm referring to the order on page 151 – 141 of the appendix. So presently before this Court is the motion – is the second motion for reduction. And that first paragraph is fully accurate. It's a second motion. And for reasons identified by Judge Stroni, that second motion has no basis in law. It's under 3582C. It's a very limited purpose. Did you argue that, or did you just rely on res judicata? Well, I've heard the argument. I heard the discussion earlier, obviously, and I am questioning my own approach in the brief, but I still think that that way that this decision and order was written drew the attention to the fact that this was previously decided. This is an attempt, a second bite at the apple, when in fact there was a direct – there was an appeal taken for the denial of the 3582C motion, and it was withdrawn with prejudice by this Court based on stipulation, again, for reasons not identified in the record. But at that moment in time when it was withdrawn, the law of the Court, as was conceded by my counsel, it was a change, a subsequent change, an intervening case law change, that renders him possibly – I don't know, I can't commit to it – eligible for relief now. But that would be – You don't tell us in your brief that he's not eligible. You don't touch that at all in your brief. I had no reason to do so, Your Honor. I've got no basis to do so. I haven't – that's not part of the analysis present on this record. Why can't we hold that the government waived this argument of the second bite of the apple? Because this Court already determined – I'm sorry, because the district court determined when it was presented in the first instance that he was not eligible. And that's in the record. The decision is in the record. On appeal, that matter was taken up and withdrawn. That is what Mr. Ortiz-Rose is appealing, that the district court said he was not eligible. That's what he's appealing. Isn't that what the appeal is about? That's what the district court did, though. That's already been handled. This is a second bite of the apple. This has been identified. That's already been handled. That was processed. It's in the record at pages A125 and A126. So there was a decision denying the 3582C, and there was an order by this Court withdrawing the appeal with prejudice – I'm sorry, denying the appeal with prejudice. Judge Scranton found he was ineligible. The defendant appealed. That appeal was withdrawn. The decision and order that's now on appeal is one in which Judge Scranton denies the second attempt to revisit this by saying, the Second Circuit issued a summary affirmance of this Court's decision finding defendant ineligible for relief under 3582. That's not what this Court did. And so to the extent it's Judge Scranton's November 16th, 2016 order denying a motion for reduction that's at issue here, isn't it based on a wrong assumption about what the Circuit did? If that second paragraph hadn't been there, Your Honor, the decision would be exactly what happened here. That second paragraph does muddy the waters. I could not agree. It goes on to say in the third paragraph, defendant's present motion is denied since defendant has been determined to be ineligible, and that determination has been upheld on appeal. That was not what happened. It was dismissed with prejudice on appeal. That doesn't mean it was upheld. It does mean that it was withdrawn, that it was dismissed with prejudice, that it was adjudicated. My question to you is, why shouldn't we send this back in light of the error in the district court's ruling? And then you can argue all of this to the district court as to whether he could have raised it, should have raised it, whatever you want to argue, and the district court will either adopt it or not, and consider all the intervening events. I don't see a basis for considering the intervening events. I do see that as a ---- Why don't you start with the basis for sending it back based on the misapprehension about what happened on appeal? It gives us no different result, Your Honor, respectfully. If that had been said instead as reflected in the mandate filed June 30th, if it had said as reflected in the mandate filed July 13, 2016, the one that's in the record at A-126, that would have been the end of the matter, and that's what would happen if this court were to remand it. If this court's inclined to remand it, that's what I could suggest would happen. Do you agree that the original decision by Judge Scredini was wrong about he's not eligible under Freeman? I don't have a basis for answering that question. That was the first question from Judge Pooler, Your Honor, respectfully. That hasn't been adjudicated. The merits of that, as ---- That's what the defendant here is arguing, that he's never had an appeal on the merits. I disagree with that statement, Your Honor. I disagree. That case went up, and when it was dismissed, when it was ---- when that case was dismissed by stipulation with prejudice, the law of this court was ---- it was correct. That wasn't ineffective assistance of counsel. That wasn't an incorrect decision. Subsequently, there was a change in the law. Right. And that's why he brought his second action. No, but that's ---- again, that's ---- there's no basis for that. The 3582C is limited relief. It's limited to circumstances when there's been an amendment to the guidelines. That's it. It's not an appeal for ---- to review a prior decision. He's bringing that on the basis of the amendment to the guidelines and the fact that it was made retroactive, correct? No. That's not this current ---- that's not this current case, Your Honor. That was the first case. The first case that was already dismissed by appeal ---- on appeal under this court's docket number 16-381. That was that case. Let me ask the question Judge Raji just asked. Do you believe that the district court got it right on that ---- on that appeal, that he wasn't eligible for relief under 3582? On the direct appeal, yes. I'm sorry. First, my apology. On the first order denying the 3582C, based on the law of the land at that point in time, that decision was correct, yes. The district court's decision. The district court's decision was correct. As was the determination based on the law of the land to dismiss it. The subsequent two decisions by the district court was wrong to the extent that it said that the Second Circuit had adjudicated the issues. Correct. I think if that one sentence, as reflected in the mandate filed, July 13, 2016, had been there instead of June 30, 2016, we wouldn't be here. It would have been identified correctly as this case being a second bite at the apple. Do you have any insight as to why the appeal was withdrawn? I don't, Your Honor. Again, I presume it was because it was the law of the land at that point in time. But there were also other factors, as Judge Stroni identified, that, again, haven't been analyzed fully here. Could you refile that information and re-sentence him to a higher sentence under the new mandatory minimum with the information? I think you generally can't, right? I don't think that's ---- I don't think that would be it. I think, though, that would be ---- that's why I think it hasn't been fully analyzed. But, no, I don't think that that could happen in the first ---- I think the government is just as bound by that plea agreement as the defendant was at that point on the 3582C. You're only looking, it's limited relief, only looking at modifications based on the intervening changes to the guidelines. Thank you. Thank you. Mr. New Reserve, some minutes for rebuttal. Thank you, Your Honors. I just want to briefly note, with respect to the first order from Judge Scretany, this is more than a misapprehension of the law at the state of the time. Judge Scretany presumed that the plurality decision from Freeman was the one controlling decision and said, I didn't sentence Mr. Ortiz-Rosa based on the plea agreement. I just sentenced him on the guidelines. I sentenced him only based on a plea agreement. And that was the beginning and the end of the analysis, to assume that one of those decisions was the controlling law in this circuit, not to provide any further analysis. And as this Court has already determined, the exact same sentencing proceeding that was at issue with the co-defendant's case in this case, that under either of the Freeman decisions, the defendant, co-defendant, was eligible for resentencing. And for the same reasons, the district court should have, in the first order, under Freeman, determined that this defendant was eligible. And so, you know, whether it's 3582 or any other grounds for seeking relief, the reason that he would normally be barred from raising a successive motion based on the same grounds is the law of the case. And this Court has noted that the law of the case is flexible when there's a need to correct a clear error or to prevent manifest injustice. And I think here, where the district court was so clearly wrong on the law and in its subsequent opinions was so clearly wrong with respect to the procedural history, the law of the case doesn't prevent the defendant from raising his arguments here. Are there any further questions from the Court? Thank you. Thank you. Thank you both. We'll reserve decision.